UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOURDES T. ARCHBOLD-GARRETT** * | | **CIVIL ACTION NO. 16-15857** |
| **WIFE OF/AND DAVID L. GARRETT** * | | |
| * | | |
| **VS.** * | | **SECTION** _____ |
| * | | |
| **CITY OF NEW ORLEANS AND** * | | |
| **METRO/DURR GROUP** * | | **MAGISTRATE** _____ |
| * | | |
| * * * * * * * * * * * * * * * * * | | |

## COMPLAINT

The complaint of Lourdes T. Archbold-Garrett, wife of/ and David L. Garrett (sometimes "M/M Garrett" or "plaintiffs")  with respect represents the following, each in the alternative:

1.

This court's federal question jurisdiction is invoked, based upon 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3),  and 28 U.S.C. § 1367.

2.

*Inter alia* the cause(s) of action are for a constitutional tort based upon 42 U.S.C.  § 1983 et seq, including § 1988, for denial of due process and just compensation under the Fourth, Fifth and the Fourteenth Amendments of the United States Constitution.

3.

The plaintiffs are residents of and domiciled in the county of Collin, Plano Texas.

4.

The defendants are (a) the City of New Orleans, is a political subdivision of the State of Louisiana, and (b) its contractor, the METRO/DURR GROUP, a partnership with its principal

place of business in Jefferson Parish, Louisiana, but doing business in the Parish of Orleans, Louisiana.

5.

The subject of this litigation is the immovable property with improvements located at 7720 I-10 Service Road, New Orleans, LA (hereinafter, the "Property"), which the petitioners purchased from the City of New Orleans by act of sale on or about October 2, 2015.

6.

The City received title to the Property by means of a tax sale adjudication on or about July 24, 1998, from Mr. Charles J. Jett, the previous owner.

TAX SALE

VARIOUS OWNERS

BY: CITY OF NEW ORLEANS

TO: CITY OF NEW ORLEANS

This became a public record when it was filed with the Conveyance Office, Parish of Orleans, Instrument no. 163667. It is not known but it is doubtful that Mr. Jett ever paid any taxes thereafter.

7.

Thereafter, the City of New Orleans remained the owner throughout a period of 18 years during which time the Property was neglected and was cited for its blighted conditions. At all material times, administrative proceedings were directed by the City's Code Enforcement department against the former owner, Charles D. Jett.

8.

A) In 2012 the City instituted proceedings before the City of New Orleans Code Enforcement Bureau no. 12-0347 against the "owner" Charles D. Jett for housing code valuations, which resulted in an Administrative Judgment against him. All notices were sent to Mr. Jett by U.S. Mail.

B) On October 2, 2015, by Cash Sale the Property was sold by the City of New Orleans to the petitioners. This was recorded with the Conveyance Office on October 14, 2015.

C) On or about October 9, 2015, despite the fact that the City had actual knowledge that the Property had been sold and of its condition, the City instituted proceedings before the City of New Orleans Code Enforcement Bureau no. 15-0421 against the "owner" Charles D. Jett for housing code valuations. At no time were Mr. and Mrs. Garrett given notice and none was attempted. This proceeding resulted in an Administrative Judgment against Mr. Jett, not the complainants, him on October 30, 2015. Inter alia this Judgment ordered demolition of the improvements and assessed a fine of $12,075.00 plus an additional $500.00 for each day the violations continued.

D) On January 25, 2016, the City of New Orleans executed a Certificate of Cancellation of the above-described lien. At this time, the improvements were still on the Property.

E) On or about January 27, 2016 the improvements were demolished by the City and its contractor.

F) On or about April 16, 2016, the City of New Orleans instituted after-the-fact proceedings and for the first time against David L. Garrett, complainant, seeking to recover the costs of the demolition ($11,249.36) which was previously ordered against Mr. Jett, when he

was no longer the owner of the Property.

9.

Petitioner avers that all material times the City of New Orleans failed to act in a prudent, reasonable, and constitutional manner by failing to give proper notice to Mr. and Mrs. Garrett of the fines and pending demolition of the improvements to their Property when the City had actual notice of the recent Cash Sale.

10.

Petitioners aver on information and belief that the demolition occurred as a result of the 2015 proceedings against Mr. Jett, when a simple and routine check of the official Conveyance office records by either of the defendants or by their employees, agents, representatives, and attorneys would have disclosed that Mr. and Mrs. Garrett, rather than Mr. Jett, where the actual owenrs to whom notice should have been given.

11.

Petitioners aver on information and belief that the records of the 2012 and 2015 Code Enforcement proceedings clearly indicate that the City chose to rely on the unofficial records of the Tax Assessor's office which contains a clear disclaimer that its records are unofficial and should not be relied upon for accuracy.

12.

The delinquency and abject negligence of the City in failing to give proper, prior written notice of the pending demolition to Mr. and Mrs. Garrett is illustrated by the fact that The City was asked to cancel the earlier lien against the property in the name of  Mr. Jett.   It did so by Affidavit To Cancel filed  with the recorder of mortgages on or about January 25, 2016.

13.

At the time of the 10/02/2015 sale from the City to the petitioners there were physical improvements on the Property, e.g., one or more building and appurtenances, for which M/M Garrett had plans for future use, renovation, or sale.

14.

The current proceedings by the City against Mr. and Mrs. Judgment should be stayed pending these proceedings. .

15.

The deprivation of plaintiffs' rights secured by the Constitution and laws of the United States, under color of law, entitles plaintiffs to damages, attorneys' fees and expert fees pursuant to  42 U.S.C.A. § 1983 and § 1988.

16.

Plaintiff, David Garrett, verifies this complaint as shown by the Affidavit of Verification, attached hereto and made part of this Complaint.

.

WHEREFORE, Plaintiffs pray that after due proceedings are had, there be judgment in their favor and against the City of New Orleans, granting declaratory relief and specifically declaring all judgments, orders, fines and damages rendered and assessed by the City of New Orleans Code Enforcement Hearings Bureau in the matter entitled *City of New Orleans v. Charles D. Jett,* case no. 15-04210 and case no. 16-03506 each constitutes an absolute nullity, awarding an amount of compensation to petitioners that is reasonable in the premises, together

with legal interest from the date of judicial demand until paid, reasonable attorneys' fees and for all costs and expert fees.

FURTHER, the petitioners pray for all general and equitable relief.

Respectfully submitted,

_/s/ Regel L. Bisso_
REGEL L. BISSO (#3088) T.A.
ROBERT G. MILLER, JR. (#17061)
BISSO & MILLER, L.L.C.
3925 N. I-10 Service Rd W, Suite 227
Metairie, LA 70002
Telephone: 504-830-3401
Facsimile: 504-883-3157
E-Mail: rbisso@bissomiller.com