UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOURDES T. ARCHBOLD-GARRETT | * | CIVIL ACTION |
| WIFE OF/AND DAVID L. GARRETT | * | |
| | * | Case No. : 2:16-CV-15857 |
| PLAINTIFFS | * | |
| | * | SECTION: C |
| VERSUS | * | |
| | * | MAGISTRATE: 1 |
| CITY OF NEW ORLEANS AND | * | |
| METRO/DURR GROUP | * | |
| DEFENDANTS | * | |
| | * | |
| *     *     *     *     *     *     *     * | | |

**THE CITY OF NEW ORLEANS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1)**

Defendant, the City of New Orleans ("City"), respectfully submits this Memorandum In

Support of its Motion To Dismiss Pursuant to Rule 12(b)(1) as follows:

**INTRODUCTION**

Plaintiff instituted this lawsuit after his property located at 7720 I-10 Service Road Street

was demolished by the City as an imminent danger of collapse property.  Plaintiff acknowledged

that this property was in a diminished condition.  (Rec. Doc. 2, ¶ 7).  Under the City's demolition

imminent danger procedures, notice is not required.[1]

Nevertheless, Plaintiffs allege that the City demolished their property without prior notice

and without paying proper compensation.  (Rec. Doc. 2, ¶¶8,9,12).  Plaintiffs' claim that the City's

---

[1] *See* New Orleans Code, Sec. 26-242.  Accordingly, the City denies that notice was required in an
imminent danger of collapse demolition and reserves the right to reassert this argument at a later date.

actions violated 42 U.S.C. § 1983, denied plaintiffs' rights to procedural due process under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and denied plaintiffs' rights to be free from unreasonable seizures pursuant to the Fourth Amendment.  (Rec. Doc. 2, ¶ 2).

## **LEGAL STANDARD**

### A.  12(b)(1)

Federal courts are courts of limited jurisdiction and a Plaintiff must satisfy the standards of subject matter jurisdiction before a federal trial court will hear a case. The threshold inquiry is the court's basis for jurisdiction and whether the court may properly hear the matter must be decided even before the court determines whether the complaint states a cause of action. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). The burden of demonstrating that the requirements of federal subject matter jurisdiction are met rests solely on the party asserting the claim.  *See Merrell Dow Pharm., Inc., v. Thompson*, 478 U.S. 804, 810; 106 S.Ct. 3229; 92 L.Ed. 2d 650 (1986). The remedy for failure to satisfy subject matter jurisdiction is dismissal of the claim(s).  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500; 126 S.Ct. 1235, 1237; 163 L.Ed. 2d 1097 (2006)("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the complaint must be dismissed in its entirety.").   Challenges to subject matter jurisdiction may be raised at any time.  *See American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 539 (6th Cir. 2007). F.R.C.P. 12(h)(3) states, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  The burden of proof

for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[2]  Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.[3]

## LAW AND ARGUMENT

First, this Honorable Court lacks jurisdiction over this matter because Plaintiffs did not seek just compensation in state court prior to filing suit in federal court.  As such, Plaintiffs' takings claim is unripe for review.  Second, Plaintiffs' procedural due process claim, which is related to its takings claim, is also unripe for review because when a court assesses the takings claim it will also be able to examine whether Plaintiff was afforded less procedure than is constitutionally required.  Finally, Plaintiffs' Fourth Amendment claim is also unripe under the same principles as Plaintiffs' takings claim.

Accordingly, the City herein respectfully prays that all claims brought against it be dismissed.

## I.   THIS HONORABLE COURT LACKS JURISDICTION BECAUSE PLAINTIFFS' TAKINGS CLAIM IS UNRIPE FOR REVIEW.

Plaintiffs' takings claim is unripe for review because Plaintiffs failed to first bring an action in state court for just compensation prior to filing suit in federal court.  In *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, the United States Supreme Court held that a Fifth Amendment takings claim does not ripen until (1) the administrative body rendered a final decision, and (2) the owner of the land had resorted to state judicial remedies for just compensation. 473 U.S. 172, 192-197 (1985).  Thus, the plaintiff must first show they have been denied just compensation through state court procedures before bringing a § 1983 takings claim to federal court.  *John Corp. v. City of Houston*, 214 F.3d 573, 581 (5th Cir. 2000).

---

[2] *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex.1995).
[3] *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980).

Louisiana law provides an adequate state court remedy of an inverse condemnation action pursuant to Article I Section 4 of the Louisiana Constitution.  "Under Louisiana law, the action for inverse condemnation 'provides a procedural remedy to a property owner seeking compensation for land already taken or damaged.'"  *Wilhelmus v. Parish of St. Bernard*, 2010 WL 1817770, *2 (E.D.La. 5/3/10) (*quoting State Through DOTD v. Chambers Inv. Co.*, 595 So.2d 598, 602 (La. 1992)).  Moreover, the Honorable Judge Vance held, "it is clear that Louisiana state proceedings *are legally adequate* to handle plaintiffs' takings claim."  *Baker v. St. Bernard Parish*, 2008 WL 4681373, at *6 (E.D.La. 10/21/08) (emphasis added).

In the case *sub judice*, Plaintiffs did not allege that they sought just compensation for the demolition of the property through state court procedures or that they were denied just compensation.  Accordingly, Plaintiffs' takings claim is unripe for review.

## II.   THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIM.

Plaintiffs' procedural due process claim should be dismissed because it is unripe for review.[4]  The Fifth Circuit has held that a Plaintiff's procedural due process claim related to a takings claim does not ripen until the plaintiff first seeks compensation through state court procedures.  *See John Corp.*, *supra*, at 585 (holding, "[t]he takings claim is not yet ripe, and it will only be when a court may assess the takings claim that it will also be able to examine whether Appellants were afforded less procedure than is constitutionally required.")  The court in *John Corp.* held that the plaintiffs' procedural due process claim was unripe, based on the general rule that a claim is not ripe if additional factual development is necessary.  *Id.* at 586.  Moreover, because plaintiffs did not allege that the denial of procedural due process caused an injury separate from their takings claim, their procedural due process claim should have been dismissed as unripe

---

[4] The City denies that notice was required in this instance.

for adjudication.  *See also Coates v. Hall*, 512 F. Supp. 2d 770, 789 (W.D. Tex. 2007) (quoting *John Corp.*, *supra*, at 586) and *Williams v. City of New Orleans*, 2009 WL 4723322 (E.D. La. 2009).

The Fifth Circuit addressed this issue under analogous facts in *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F. 3d 86, (5th Cir. 2011).  In *Rosedale*, the plaintiff filed suit in federal court alleging that the City wrongfully demolished its property without notice in violation of the Fourteenth Amendment.  The district court dismissed the Plaintiffs' takings claim prior to trial, and a jury rendered a judgment in favor of the plaintiff, finding that the City violated the Plaintiffs' Fourteenth Amendment right to due process by demolishing the building without notice.

In *Rosedale*, this Court reversed the district court's judgment, holding that the Plaintiffs' procedural due process claim was unripe for review under the general principles of ripeness, citing *John Corp.*, *supra*.  This Court went on to hold, "[w]e must therefore allow state takings procedures to run their course before we can adjudicate the procedural due process claim."  *Id.* at 91. Similarly, in the case *sub judice*, Plaintiffs' procedural due process claim is unripe for review under the general principles of ripeness.  Plaintiff failed to seek just compensation through state court procedures, and as such, this Court cannot assess whether Plaintiff was afforded less procedure than was constitutionally required.  Accordingly, Plaintiffs' procedural due process claim should be dismissed.

## III.   THIS HONORABLE COURT LACKS JURISDICTION BECAUSE PLAINTIFFS' FOURTH AMENDMENT CLAIM IS UNRIPE FOR REVIEW.

The elements of a Fourth Amendment seizure claim are "(a) a meaningful interference with [Plaintiffs'] possessory interests in her property, which is (b) unreasonable because the interference is unjustified by state law or, if justified, then uncompensated."  *Severance v. Patterson,* 566 F. 3d

490, 502 (5th Cir. 2009). The demolition of property constitutes a seizure for the purposes of the Fourth Amendment. *Freeman v. City of Dallas,* 242 F. 3d 642, 648, n. 5 (5th Cir. 2001).

Plaintiffs' Fourth Amendment claim must also be dismissed as not ripe. A case is not ripe if further factual development is required. *New Orleans Public Service Inc. v. Council for City of New Orleans,* 833 F. 2d 583, 587 (5th Cir. 1987). Plaintiffs' Fourth Amendment claim is based on the demolition of their property without "due process" and "just compensation." (Rec. Doc. 1, ¶ 2). Plaintiffs did not use the inverse condemnation procedures and further factual development is necessary to evaluate Plaintiffs' Fourth Amendment claim. Thus, this claim is not yet ripe.

## <u>CONCLUSION</u>

This Honorable Court lacks jurisdiction over this matter because all of Plaintiffs' claims are unripe for review. Accordingly, the claims against the City should be dismissed.

Respectfully Submitted:


/s/ Stephanie C. Dovalina
**STEPHANIE C. DOVALINA (LSB# 31137)**
ASSISTANT CITY ATTORNEY
**JOYCE G. JOSEPH (LSB# 16936)**,
DEPUTY CITY ATTORNEY
**REBECCA H. DIETZ (LSB# 28842),**
CITY ATTORNEY
1300 Perdido Street, Ste. 5E03
New Orleans, Louisiana  70112
Telephone:  504-658-9920
Facsimile:  504-658-9868
scdovalina@nola.gov
jgjoseph@nola.gov
rhdietz@nola.gov
***Attorneys for the City of New Orleans***

6

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that, on May 19, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/EMF system, which will send a notice of electronic filing to all counsel of record.

                                        _____/s/Stephanie C. Dovalina_____
                                        **Stephanie Dovalina**

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOURDES T. ARCHBOLD-GARRETT | * | CIVIL ACTION |
| WIFE OF/AND DAVID L. GARRETT | * | |
| | * | Case No. : 2:16-CV-15857 |
| PLAINTIFFS | * | |
| | * | SECTION: C |
| VERSUS | * | |
| | * | MAGISTRATE: 1 |
| CITY OF NEW ORLEANS AND | * | |
| METRO/DURR GROUP | * | |
| DEFENDANTS | * | |
| | * | |
| *    *    *    *    *    *    *    * | | |

## NOTICE OF SUBMISSION

The Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) filed on behalf of Defendant, the City of New Orleans, will be submitted for decision without oral argument on before the Honorable Ivan L.R. Lemelle, Section C,  on June 7, 2017 at 9:00 o'clock A.M. United States District Court, 500 Poydras Street, Room C50, New Orleans, Louisiana.

Respectfully Submitted:


/s/ Stephanie C. Dovalina
**STEPHANIE C. DOVALINA (LSB# 31137)**
ASSISTANT CITY ATTORNEY
**JOYCE G. JOSEPH (LSB# 16936)**,
DEPUTY CITY ATTORNEY
**REBECCA H. DIETZ (LSB# 28842),**
CITY ATTORNEY
1300 Perdido Street, Ste. 5E03
New Orleans, Louisiana  70112
Telephone:  504-658-9920
Facsimile:  504-658-9868
scdovalina@nola.gov

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 18, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/EMF system, which will send a notice of electronic filing to all counsel of record.


_____/s/Stephanie C. Dovalina_____
**Stephanie Dovalina**