```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **LOURDES T. ARCHBOLD-GARRETT** **DAVID L. GARRETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15857** |
| **NEW ORLEANS CITY** **METRO/DURR GROUP** | **SECTION "B"(2)** |

## ORDER AND REASONS

### I. NATURE OF MOTION AND RELIEF SOUGHT

Before this Court are Defendant City of New Orleans' ("City") "Motion to Dismiss Pursuant to Rule 12(b)(1)", (Rec. Doc. 14), and Plaintiffs' "Opposition to the Defendant City of New Orleans' Motion to Dismiss Pursuant to Rules 12(b)(1) and (6)" (Rec Doc. 19). For the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss **IS GRANTED.**

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 28, 2016, Plaintiffs filed the instant case against Defendants City of New Orleans and Metro/Durr Group, alleging that they are entitled to relief pursuant to 42 U.S.C. § 1983 for the City's alleged denial of due process and just compensation in violation of the Fourth, Fifth, and Fourteenth Amendments. (Rec. Doc. 2 at 1). Plaintiffs invoke federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1367. *Id.* Plaintiffs allege that the City violated the requirements of due process and just compensation by

1

demolishing Plaintiffs' blighted structure at 7729 I-10 Service Road in New Orleans without notifying Plaintiffs prior to the demolition. *Id.* at 2-3.

According to their complaint, Plaintiffs purchased the blighted property from the City on October 2, 2015. *Id.* at 3. Following this sale, the City demolished the structures on the property on January 27, 2016 and subsequently instituted proceedings against Plaintiffs seeking to recover the cost of the demolition on April 16, 2016. *Id.*

### III. PARTIES' CONTENTIONS

On May 19, 2017, the City filed the instant "Motion to Dismiss Pursuant to Rule 12(b)(1)." (Rec. Doc. 14). The City requests that this court dismiss all of Plaintiffs' claims because Plaintiffs failed to seek compensation in state court, rendering their claims unripe for review and leaving this Court without subject matter jurisdiction. *Id.* at 1.

The City first asserts that this Court lacks subject matter jurisdiction over Plaintiffs' takings claim because Plaintiffs failed to file an inverse condemnation suit in state court prior to this action, and thus the claim is unripe for review. (Rec. Doc. 14-1 at 3-4). Additionally, the City asserts that this Court lacks subject matter jurisdiction over Plaintiffs' procedural due process claim because Plaintiffs have alleged no separate injury from their takings claim. Furthermore, Defendant argues that a due

2

process claim related to a takings claim must first be resolved according to state court procedures to be ripe. *Id.* at 4-5. Finally, the City asserts that this Court lacks jurisdiction over Plaintiffs' Fourth Amendment claim because resolution of the claim requires further factual development of Plaintiffs' takings claim and is thus unripe. *Id.* at 5-6.

Plaintiffs contend that they did attempt resolution of their claim through letters to the City but that the City failed to respond. (Rec. Doc. 19 at 1-3). Plaintiffs attempt to differentiate their case from others that found takings claims to be unripe because they were not first redressed in state court by arguing that the demolition of Plaintiffs' structure was in itself a final decision by a City agency for which Plaintiffs were afforded no hearing or notice. *Id.* at 4-5. Plaintiffs also argue that the statute justifying the City's demolition of their structure contains no means for redress. *Id.* at 7-8. Plaintiffs contend that their Fifth Amendment claim was not a taking of their property for public use but rather was an abuse of police power, and thus the inverse condemnation procedures do not adequately address their claims. *Id.* at 9. Plaintiffs note that if the case is dismissed, Plaintiffs may not be able to join Defendant Metro/Durr Group in a state court proceeding. *Id.* at 10.

Finally, Plaintiffs argue that state court inverse condemnation proceedings are inadequate because there is no way to

3

enforce a civil Judgment against the Defendant City. *Id.* Plaintiffs cite to the $34 million owed to more than six hundred final state court judgments as evidence that a judgment in a state inverse condemnation proceeding would be, in effect, unenforceable. *Id.* at 10-11.

## IV.    FACTUAL AND LEGAL FINDINGS

The City has moved for dismissal of Plaintiffs claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Court dismisses a case under Rule 12(b)(1) for lack of subject matter jurisdiction if it lacks that statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Thus, the Court cannot dismiss the complaint unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Additionally, the Court must accept all well-pleaded facts as true, viewing them in the light

most favorable to the plaintiff. *AFL-CIO v. Murphy Oil USA, Inc.*, 2007 WL 4365393 at*1 (E.D. La. 2007).

Article III of the Constitution limits federal courts' subject matter jurisdiction to "cases" and "controversies," which includes the requirement that the case be ripe for review. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *Id.* (citing *Abbott Labs. v. Gardner*, 387 U.S. 136 (1967), *overruled on other grounds*).

**A. Ripeness of Just Compensation Claim**

The City contends that Plaintiffs' just compensation claim is unripe because Plaintiffs have failed to seek relief through state court inverse condemnation procedures. (Rec. Doc. 14-1 at 3). For Plaintiffs' just compensation claim to be ripe, they must prove that their property was "taken" and that they were denied just compensation. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985). Property demolitions constitute a taking of private property. *John Corp. v. City of Houston*, 214 F.3d 573, 578-79 (5th Cir. 2000).

However, a violation of the Fifth Amendment's Takings clause cannot occur until just compensation has been denied, and thus a plaintiffs' claim is unripe when they have not yet brought a claim through available state court procedures and been denied

5

compensation through those procedures. *Id.* at 581. In Louisiana, an action for inverse condemnation "provides a procedural remedy to a property owner seeking compensation for land already taken or damaged." *Louisiana, through Dept. of Transp. & Dev. v. Chambers Inv. Co., Inc.*, 595 So.2d 598, 602 (La. 1992). The only exception to the requirement that a just compensation claim first be brought in state court is when the state procedures are inadequate, that is when they "almost certainly will not compensate the claimant." *Rolf v. City of San Antonio*, 77 F.3d 823, 826 (5th Cir. 1996) (citing *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991)).

In the instant case, Plaintiffs do not deny that they have failed to pursue a claim through available state court inverse condemnation procedures prior to the filing of this case in federal court. Though Plaintiffs allege that the Emergency Procedures Ordinance[1] does not provide a remedy for a wrongful demolition and that they attempted resolution through letters to the City, these arguments lack merit. Plaintiffs' property has already damaged, and the Louisiana procedure to seek compensation from a governmental entity for property that has already been damaged is an inverse condemnation action. *Dept. of Transp. & Dev.*, 595 So.2d at 602. Plaintiffs are required to pursue an inverse condemnation

---

[1] *See* New Orleans Code, Sec. 26-242.

action to resolve their just compensation claim before bringing an action in federal court, regardless of whether the city ordinance mentions that procedure or whether Plaintiffs have sent letters to various departments of the City.

Plaintiffs allege that an inverse condemnation action would be inadequate for two reasons: (1) their just compensation claim is an abuse of police power claim rather than a takings claim and (2) the Louisiana Constitution[2] does not require the City to pay a judgment rendered against it. (Rec Doc. 19 at 9). Plaintiffs' first argument that their claim rests on abuse of police power, rather than a taking, and thus an inverse condemnation action would not adequately address their claim cuts against justiciability. Plaintiffs have filed a just compensation claim but argued that the procedure to obtain just compensation in state court is inadequate because they lack a requisite element of a takings claim. Similar claims of abuse of police power have been disposed of by the Fifth Circuit on the grounds that when an exercise of police power goes too far it amounts to a taking and thus inverse condemnation procedures are appropriate in those cases. *See John Corp.*, 214 F.3d at 578. Additionally, while Plaintiffs allege that

---

[2] Plaintiffs cite LA. Const. Art. 12, § 10(c), which provides that:
   "[N]o public property or funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated by the legislature or by the political subdivision against which judgment is rendered."

7

an inverse condemnation action is an inadequate remedy because the Louisiana Constitution does not require the City to pay a judgment rendered against it, the Fifth Circuit has found that Louisiana inverse condemnation proceedings are adequate remedies for takings claims. *Id.* at 581. Though Plaintiffs allege that the City would not be required to compensate them in an inverse condemnation action, Plaintiffs fail to establish that they "almost certainly" would not be compensated through an inverse condemnation action, as required by Fifth Circuit precedent. *See John Corp.*, 214 F.3d at 581; *Samaad*, 940 F.2d at 934-35. While the City may not be required to pay a judgment, such a deficiency does not amount to near-certainty that Plaintiffs' could obtain no enforceable judgment against the City. Thus, these arguments are also meritless.

Plaintiffs' other attempts to differentiate their case from cases where the Supreme Court and Fifth Circuit have found a takings claim to be unripe are a misapplication of case law. Plaintiffs' case involves an alleged physical taking of property, while *Hodel, Agins*, and *Penn Central* all involve regulatory takings of property, which consider different factors than physical takings. *See Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.*, 452 U.S. 264, 294-97 (1981); *Agins v. Tiburon*, 447 U.S. 255, 260-63 (1980); *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 138 (1978). Thus, Plaintiffs' claim that the demolition of

8

the structures on their property was a final decision by a regulatory agency is without merit because that factor is not required for physical takings.

Finally, Plaintiffs' ability to join Defendant Metro/Durr Group in a state court inverse condemnation action is not a factor for this Court's consideration in determining subject matter jurisdiction. When the Court lacks subject matter jurisdiction, the case must be dismissed, without exception. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).

**B. Ripeness of Procedural Due Process Claim**

The City contends that Plaintiffs' procedural due process claims are also unripe because they have failed to bring their just compensation claim through state court procedures. (Rec. Doc. 14-1 at 4). For a procedural due process claim to be ripe, a court must consider "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 91 (5th Cir. 2011) (quoting *Nat'l Park Hospitality Ass'n*, 538 U.S. 803, 808 (2003)). The ripeness inquiry for due process claims does not align with takings ripeness, but rather follows the general rule that a claim is unripe if further factual development is necessary. *See John Corp.*, 214 F.3d at 586. The Fifth Circuit has specifically found that procedural due process claims alleging that a plaintiff was not afforded

9

sufficient due process before a demolition of property are unripe if the takings claim associated with it has not yet been decided through state court procedures. *See Rosedale Missionary Baptist Church*, 641 F.3d at 91; *John Corp.*, 214 F.3d at 585. "The reason is that, where the injury that resulted from an alleged procedural due process violation is merely a taking without just compensation, we cannot know whether the plaintiff suffered any injury until the takings claim has been adjudicated." *Rosedale Missionary Baptist Church*, 641 F.3d at 91.

In the instant case, Plaintiffs have brought their procedural due process claim in conjunction with their just compensation claim, and they allege that they were not afforded due process before the demolition of their property. (Rec. Doc. 2 at 1). Because Plaintiffs have not sought a remedy for their just compensation claim through an inverse condemnation action in state court, Plaintiffs' related procedural due process claim is also unripe for this Court's review and should be dismissed.

### C. Ripeness of Seizure Claim

Finally, the City contends that Plaintiffs' Fourth Amendment seizure claim is unripe for review because further factual development is necessary. (Rec. Doc. 14-1 at 5-6). The elements of a seizure claim are "(a) a meaningful interference with [plaintiffs'] possessory interests in [their] property, which is (b) unreasonable because the interference is unjustified by state

10

law or, if justified, then uncompensated." *Severance v. Patterson*, 566 F.3d 490, 502 (5th Cir. 2009) (citing *Presley v. City of Charlottesville*, 464 F.3d 480, 487-88 (4th Cir. 2006)). A demolition of property is a seizure for the purposes of a Fourth Amendment claim. *Freeman v. City of Dallas*, 242 F.3d 642, 647, n. 5 (5th Cir. 2001). The ripeness of a seizure claim is not governed by the framework for ripeness of a takings claim; rather, the court must consider: "(1) whether the issues are purely legal; (2) whether the issues are based on final agency action; (3) whether the controversy has a direct and immediate impact on the plaintiff; and (4) whether the litigation will expedite, rather than delay or impede, effective enforcement by the agency." *Severance*, 566 F.3d at 500 (citing *Abbott Labs.*, 387 U.S. at 149-55).

In the instant case, Plaintiffs' claim is not purely legal – it depends on factual resolution of Plaintiffs' just compensation and procedural due process claims. Because Plaintiffs have not brought an inverse condemnation action in state court, it is not yet clear whether Plaintiffs are uncompensated for the demolition. Additionally, the demolition at issue in Plaintiffs' seizure claim is not based on a final agency action because Plaintiffs have failed to bring an inverse condemnation action in state court. Furthermore, the controversy does not have a direct and immediate impact on the Plaintiffs because they do not reside at the property at issue and the property had been blighted when Plaintiffs

11

purchased it three months prior to the demolition. (Rec. Doc. 2 at 3). Finally, the litigation at hand would impede any state court resolution of Plaintiffs' takings and procedural due process claims. Because none of these factors weigh in favor of ripeness, Plaintiffs' seizure claim is unripe.

**V. CONCLUSION**

**IT IS ORDERED** that Defendant's Motion to Dismiss **IS GRANTED**.

New Orleans, Louisiana, this 24th day of July, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE